UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEVIN PHILLIPS,                 CASE NO.:

    Plaintiff,

vs.

WAWA, INC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, **DEVIN PHILLIPS,** states and alleges as follows:

## JURISDICTION AS TO ALL COUNTS

1. This action arises under the provisions of the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e. et. seq.

2. At all times alleged hereto Plaintiff, DEVIN PHILLIPS was a resident of the State of Florida.

3. Plaintiff, DEVIN PHILLIPS, a male, is an individual whose status is protected pursuant to the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e- et seq.

4. Defendant, WAWA, INC. is a corporation incorporated pursuant to the laws of the State of Florida.

5. Any and all allegations alleged hereto occurred at Defendant's place of business located at 1780 Fl.SR 44, New Smyrna Beach, FL 32168.

6. At all times mentioned hereto, Defendant was an employer as defined pursuant to the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 (e) et seq.

1

7. Prior to filing this action, on or about October 29, 2018 the Plaintiff filed charges of sex discrimination with the Equal Employment Opportunity Commission pursuant to 42 U.S.C. §2000(e).

8. A Notice of Right to Sue was issued by the Federal Equal Employment Opportunity Commission on or about April 15, 2019. Plaintiff has filed his action within 90 days of receipt of the Right to Sue and exhausted all administrative remedies prior to filing this action. See attached exhibit "A".

## COUNT I – SEX DISCRIMINATION

9. Plaintiff, **DEVIN PHILLIPS** was previously employed by the Defendant, WAWA, INC., from on or about May, 2015, until the date of Plaintiff's termination of on or about October 2, 2018.

10. At the time that the Plaintiff was last employed by the Defendant, Plaintiff held the position of food and beverage manager for Defendant's restaurant/fast food/gas station.

11. Prior to Plaintiff's termination from employment, one of Defendant's female employees stated to one of Defendant's other female employees that Plaintiff had sexually harassed her verbally and another male employee had sexually harassed her physically.

12. The female employee who raised those allegations was Plaintiff's subordinate.

13. The female employee who was informed of these allegations then informed her supervisor, who then informed his supervisor, who then informed the Plaintiff.

14. Upon being informed of sexual harassment allegations regarding himself and another male employee, pursuant to Defendant's policies and procedures, Plaintiff proceeded to inform Plaintiff's general manager, that being Plaintiff's supervisor.

15. Defendant proceeded to conduct an investigation wherein Plaintiff was questioned and denied the allegations.

16. Both the Plaintiff and the female employee who alleged being harassed provided the names of witnesses to the Defendant during the course of the investigation.

17. Defendant's female employee's witnesses were then interviewed by Defendant but Plaintiff's witnesses were not.

18. Plaintiff was subsequently terminated with reasons given that Plaintiff was too honest.

19. Defendant's reasons for terminating Plaintiff were false.

20. The female who alleged verbal sexual harassment against the Plaintiff remained employed.

21. Plaintiff was terminated and/or discriminated against based upon Plaintiff's sex in violation of the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e- et seq.

22. At all times alleged hereto, Plaintiff performed Plaintiff's job duties for Defendant in a successful and satisfactory manner.

23. Defendant's actions in terminating Plaintiff from employment were willful and intentional.

24. As a result, Plaintiff suffered lost wages which Plaintiff would have earned had Plaintiff remained employed by the Defendant, and the value of benefits which have would have accrued had Plaintiff remained employed by Defendant. Plaintiff has additionally suffered mental anguish and humiliation. Plaintiff will continue to suffer those losses in the future.

25. Plaintiff has retained undersigned counsel to represent Plaintiff in this matter and agreed to pay counsel a reasonable fee.

**WHEREFORE**, Plaintiff demands judgment for the following:

a) That the Court award Plaintiff sums for unpaid back wages and future wages, and the value

of lost past and future benefits.

b)   That the Court award Plaintiff damages for mental anguish and humiliation.

c)   That the Court award punitive damages.

d)   That the Court award Plaintiff reasonable attorney's fees pursuant to 42 U.S.C. section 2000 e- et. seq. and costs of this action.

e)   That the Court award such other and further relief as may be just and equitable in the circumstances.

f)   Trial by jury.

## COUNT II RETALIATION

26.   Plaintiff, **DEVIN PHILLIPS** was previously employed by the Defendant, WAWA, INC., from on or about May, 2015 until the date of Plaintiff's termination of on or about October 2, 2018.

27.   At the time that the Plaintiff was last employed by the Defendant, Plaintiff held the position of food and beverage manager for Defendant's restaurant/fast food/gas station.

28.   Prior to Plaintiff's termination from employment, one of Defendant's female employees stated to one of Defendant's other female employees that Plaintiff had sexually harassed her verbally and another male employee had sexually harassed her physically.

29.   The female employee who raised those allegations was Plaintiff's subordinate.

30.   The female employee who was informed of these allegations then informed her supervisor, who then informed his supervisor, who then informed the Plaintiff.

31.   Upon being informed of sexual harassment allegations regarding himself and another male employee, pursuant to Defendant's policies and procedures, Plaintiff proceeded to inform

        Plaintiff's general manager who was Plaintiff's supervisor.

32. Defendant then proceeded to conduct an investigation wherein Plaintiff was interviewed and denied the allegations.

33. Plaintiff was subsequently terminated with reasons given that Plaintiff was too honest.

34. Defendant's reasons for terminating Plaintiff were false.

35. Plaintiff was terminated in retaliation for Plaintiff bringing to Defendant's attention allegations of sexual harassment in violation of the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e- et seq.

36. At all times alleged hereto, Plaintiff performed Plaintiff's job duties for Defendant in a successful and satisfactory manner.

37. Defendant's actions in terminating Plaintiff from employment were willful and intentional.

38. As a result, Plaintiff suffered lost wages which Plaintiff would have earned had Plaintiff remained employed by the Defendant, and the value of benefits which have would have accrued had Plaintiff remained employed by Defendant. Plaintiff has additionally suffered mental anguish and humiliation. Plaintiff will continue to suffer those losses in the future.

39. Plaintiff has retained undersigned counsel to represent Plaintiff in this matter and agreed to pay counsel a reasonable fee.

**WHEREFORE**, Plaintiff demands judgment for the following:

a) That the Court award Plaintiff sums for unpaid back wages and future wages, and the value of lost past and future benefits.

b) That the Court award Plaintiff damages for mental anguish and humiliation.

c) That the Court award punitive damages.

d) That the Court award Plaintiff reasonable attorney's fees, pursuant to 42 U.S.C. section 2000 e- et seq. and costs of this action.

e) That the Court award such other and further relief as may be just and equitable in the circumstances.

f) Trial by jury.

Respectfully submitted this 2nd day of July, 2019

                                         */s/ David W. Glasser*
                                         DAVID W. GLASSER, ESQUIRE
                                         Fla. Bar No. 780022
                                         116 Orange Avenue
                                         Daytona Beach, FL 32114
                                         Telephone: (386) 252-0175
                                         Facsimile: (386) 257-0246
                                         Email: David@dglasserlaw.com
                                         legal@dglasserlaw.com
                                         Attorney for Plaintiff

EEOC Form 161 (11/16)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Devin Phillips<br>725 Horseman Drive<br>Port Orange, FL 32127 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2019-00704 | Edgar A. Cole, Investigator | (305) 808-1759 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Nizra Santo Wright*                                     APR 15 2019

Michael J. Farrell,                                      *(Date Mailed)*
District Director

Enclosures(s)

cc:
Chris Cognato, Legal Department
Wawa Inc.
260 W Baltimore Pike
Rose Valley, PA 19063

**Charging Party Representative:**
David W. Glasser, Attorney
Law Office of David W. Glasser
116 Orange Ave
Daytona Beach, FL 32114


Exhibit "a"